# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD, | ) | Civil No. ____ |
|  | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| NICHIA CORPORATION and NICHIA AMERICA CORPORATION, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Everlight Electronics Co., Ltd. ("Plaintiff" or "Everlight") makes the following allegations against Defendants Nichia Corporation ("Nichia Corp.") and Nichia America Corporation ("Nichia America") (collectively, "Defendants" or "Nichia"):

## INTRODUCTION

1. This complaint arises from Defendants' unlawful infringement of United States Patent No. 7,554,126 (the "'126 Patent" or the "Asserted Patent" attached as **Exhibit 1**) owned by Everlight. Although the '126 Patent has expired, Everlight seeks damages for Defendants' acts of infringement that occurred during the term of the patent.

## **PARTIES**

2.     Plaintiff Everlight Electronics Co., Ltd. is a corporation organized and existing under the laws of Taiwan with its principal place of business located at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City 23860, Taiwan.  Everlight is the sole owner by assignment of all right, title, and interest in the '126 Patent.

3.     On information and belief, Defendant Nichia Corp. is a corporation organized and existing under the laws of Japan with its principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan.  Upon information and belief, during the term of the '126 Patent, Nichia Corp. made, used, offered for sale, sold, and/or imported LED products that infringed the '126 Patent in the United States including in the State of Michigan and in this District.

4.     On information and belief, Defendant Nichia America is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 48561 Alpha Drive, Suite 100, Wixom, Michigan 48393. Nichia America is a wholly owned subsidiary of Nichia Corp.  Nichia America markets, sells, distributes, supports, and coordinates the importation of Nichia LED products into the United States.  On information and belief, during the term of the '126 Patent, Nichia America made, used, offered for sale, sold, and/or imported LED products that infringed the '126 Patent in the United States including in the State of Michigan and in this District.

2

5.      On information and belief, during the term of the '126 Patent, Nichia Corp. controlled or acted jointly with its subsidiaries, including Nichia America, in designing, manufacturing, using, marketing, importing, offering for sale, and/or selling infringing LED products.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, including 35 U.S.C. §§ 271 and 281.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendants in this action because Defendants, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), committed acts of patent infringement in this District and purposely directed activities toward this District giving rise to this action.  Defendants further established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over Nichia Corp. because Nichia Corp., directly and through subsidiaries or intermediaries, committed acts of infringement in this District by, among other things, selling, offering for sale, using, and/or importing products that infringed the '126 Patent.  Nichia Corp. also

3

placed products that infringed the '126 Patent into the stream of commerce through subsidiaries or intermediaries with knowledge that such products would be sold in this District.  Accordingly, Defendants purposefully availed themselves of the benefits of doing business in the State of Michigan.

10.   In the alternative, this Court has personal jurisdiction over Nichia Corp. under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law and Nichia Corp.'s substantial activities within the United States as a whole establish sufficient minimum contacts and purposeful availment that satisfy any constitutional due process concerns.  During the term of the '126 Patent, Nichia Corp., directly and through subsidiaries or intermediaries, sold, offered for sale, and/or imported products that infringed the '126 Patent in the United States.

11.   This Court has personal jurisdiction over Nichia America because Nichia America is incorporated under the laws of the State of Michigan and maintains its principal place of business in this District.  In addition, during the term of the '126 Patent, Nichia America directly and through subsidiaries or intermediaries, committed acts of infringement in this District by, among other things, selling, offering for sale, using, and/or importing products that infringed the '126 Patent.

12.   Venue is proper as to Nichia Corp. under 28 U.S.C. § 1391(c) because

4

Nichia Corp. is a foreign corporation subject to suit in any district, is subject to personal jurisdiction in this District, has transacted business in this District, and committed acts of patent infringement in this District.

13.   Venue is proper as to Nichia America under 28 U.S.C. § 1400(b) because it is incorporated in Michigan and maintains its principal place of business in Wixom, Michigan, within this District.

## INFRINGEMENT OF U.S. PATENT NO. 7,554,126

14.   Everlight realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15.   Everlight owns by assignment all right, title, and interest in and to the '126 Patent, titled "Semiconductor Light-Emitting Element, Manufacturing Method and Mounting Method of the Same and Light-Emitting Device," issued on June 30, 2009, naming Kazushi Higashi and Shinji Ishitani as the inventors.  Ex. 1 ('126 Patent) at 1.  The '126 Patent is based on U.S. Patent Application No. 11/662,547 with a PCT filing date of September 22, 2005.  *Id.* at 1.  The '126 Patent claims priority to Japanese Application No. 2004-279049 filed September 27, 2004.  *Id.*

16.   The '126 Patent discloses a novel method for the manufacture and mounting of semiconductor light emitting elements.  The inventive concepts disclosed and claimed in the '126 Patent provide for larger light emitting elements

with higher junction yields while enabling high production efficiency with lower precision requirements.

17.   By way of example, claim 9 recites:

A method for manufacturing a semiconductor light-emitting element comprising:

preparing a bare light-emitting element comprising an n-type semiconductor layer formed on a light-transmitting element substrate so as to cover the element substrate;

a p-type semiconductor layer formed on an area on the n-type semiconductor layer from which an area for the n-electrode on the n-type semiconductor layer is excluded, for emitting light in cooperation with the n-type semiconductor layer;

a first n-electrode that is a thin film formed on the area for the n-electrode of the n-type semiconductor layer; and

a first p-electrode that is a thin film formed on the p-type semiconductor layer;

forming a first insulating layer so as to insulate the first n-electrode and the first p-electrode from each other;

forming a second n-electrode on the first n-electrode and the first insulating layer as a thin film having an area larger than a joined face between the n-type semiconductor and the first n-electrode, so that the second n-electrode is electrically connected to the first n-electrode and is insulated from the first p-electrode by the first insulating layer; and

forming a second p-electrode on the first p-electrode as a thin film having an area smaller than a joined face between the n-type semiconductor layer and the p-type semiconductor layer, so that the second p-electrode is electrically connected to the first p-electrode.

18.   On information and belief, during the term of the '126 Patent, Defendants made, used, offered for sale, sold, and/or imported certain light

emitting products, including but not limited to the flash LED incorporated into the Apple iPhone 13 (Model A2482 128 GB) smartphone (collectively, the "Accused Products").

19.    On information and belief, the Accused Products were made by a process covered by one or more method claims of the '126 Patent, including at least claim 9.  During the term of the '126 Patent, Defendants imported into the United States, and/or offered for sale, sold, or used within the United States, Accused Products made by a process covered by one or more claims of the '126 Patent, in violation of 35 U.S.C. § 271, including at least § 271(g).

20.    The Accused Products were made by a process that satisfies all claim limitations of one or more method claims of the '126 Patent including, but not limited to, claim 9, as demonstrated in the exemplary claim chart attached as **Exhibit 2**.

21.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products during the term of the '126 Patent, Defendants injured Everlight and are liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

22.    To the extent discovery reveals facts demonstrating that Defendants' infringement of the '126 Patent was willful, or that Defendants' post-filing conduct otherwise renders this an egregious case warranting enhanced damages under 35

7

U.S.C. § 284, Everlight reserves the right to seek a finding of willfulness and enhanced damages at the appropriate time.

23.    As a result of Defendants' infringement of the '126 Patent, Everlight is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Everlight respectfully requests that this Court enter a judgment against Defendants:

a.    determining that during the term of the '126 Patent, Defendants infringed, either literally and/or under the doctrine of equivalents, one or more method claims of the '126 Patent;

b.    requiring Defendants to pay Everlight its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '126 Patent;

c.    requiring Defendants to provide an accounting and to pay supplemental damages to Everlight, including without limitation, pre-judgment and post-judgment interest;

d.    finding that this is an exceptional case within the meaning of 35

U.S.C. § 285 and awarding to Everlight its reasonable attorneys' fees and costs against Defendants, and enhanced damages pursuant to 35 U.S.C. § 284; and

e.  granting Everlight such other and further relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Everlight, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 30, 2026

Respectfully Submitted,

By:*/s/ Justin B. Weiner*
Justin B. Weiner (P83594)
Bush Seyferth PLLC
100 West Big Beaver Road, Suite 400
Troy, MI  48084
(248) 822-7800; weiner@bsplaw.com

Michael P. Sandonato *(admission pending)*
New York Bar No. 2532646
VENABLE LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
(310) 229-9900; MSandonato@venable.com

Philip T. Sheng *(admission pending)*
California Bar No. 278422
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750; PTSheng@venable.com
*Attorneys for Plaintiff*

9